UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILIP M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-cv-05923-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred in assessing the medical opinion evidence, his subjective allegations, and lay evidence.[1] Dkt. 16 at 2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 42 years old, has a 7th-grade education, and previously worked in a warehouse loading and offloading trucks. Tr. 531, 2681-82. In November 2013, he applied for benefits, alleging disability as of September 8, 2012. Tr. 282-95. His applications were denied

---

[1] He also alleges that these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but those secondary errors depend entirely on the primary errors and thus need not be addressed separately. *See* Dkt. 16 at 17-18.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

initially and on reconsideration. Tr. 202-05. The ALJ conducted hearings in June and December 2015, and subsequently found Plaintiff not disabled. Tr. 23-49, 87-139.

The Appeals Council denied Plaintiff's request for review (Tr. 1-7), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. Tr. 2735-52. On remand, a different ALJ held a hearing in April 2020 (Tr. 2662-89) and subsequently issued a decision finding Plaintiff not disabled. Tr. 2638-50. Plaintiff now seeks judicial review of that decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff had the following severe impairments: degenerative disc disease status-post fusion and arthritis of ankle joint status-post surgeries.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff can perform light work with additional limitations: he can occasionally climb stairs. He can never climb ladders. He can occasionally stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to unprotected heights, moving machinery, and excessive vibration. He can perform work involving simple work-related instructions, tasks, and decisions with few changes in the workplace. Work should require minimal reading, writing, or complex math calculations.

**Step four:** Plaintiff could not perform his past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 2638-50.

//

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

**DISCUSSION**

**A.   The ALJ erred in assessing Plaintiff's testimony**

The ALJ summarized Plaintiff's testimony about the severity of his symptoms and explained he discounted them because he found them to be both unsupported by and inconsistent with the objective medical evidence. Tr. 2644-46. In the Ninth Circuit, an ALJ must provide clear and convincing reasons to discount a claimant's allegations, absent evidence of malingering. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

To the extent the ALJ summarized objective medical evidence and suggested it did not corroborate Plaintiff's allegations (Tr. 2645-46), this is not sufficient to alone support the ALJ's assessment of Plaintiff's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

But the ALJ did purport to identify three inconsistencies between Plaintiff's allegations and the objective evidence, and inconsistency is a valid reason to discount a claimant's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Specifically, the ALJ found Plaintiff's allegations of a limited ability to stand only 10-20 minutes at a time and walk .5-2 blocks without resting inconsistent with evidence of Plaintiff's normal gait and normal motor strength in his feet and legs. Tr. 2646. The ALJ also contrasted Plaintiff's allegation of an inability to sit longer than 20 minutes with evidence showing Plaintiff was able to sit comfortably during medical appointments. *Id*. Finally, the ALJ contrasted Plaintiff's report of 7/10 pain with his providers' observation that he

was in "no acute distress." *Id*.

As to Plaintiff's ability to stand and walk, the ALJ pointed to evidence of Plaintiff's normal gait and motor strength (Tr. 2646), but in the same paragraph the ALJ noted Plaintiff was found to have (on other occasions) a decreased range of motion in his lumbar spine, reduced strength in his left leg, positive straight leg raises, and an antalgic or abnormal gait. Tr. 2646 (citing Tr. 444, 497, 504, 508, 561, 1246). The ALJ did not explain why he credited the evidence of Plaintiff's normal functioning over the evidence of his abnormal functioning, or how the ALJ otherwise resolved this acknowledged conflict in the record, and this line of reasoning therefore amounts to improper cherry-picking.

As evidence of Plaintiff's ability to sit comfortable during appointments, the ALJ pointed to appointment notes from 2011, which predate Plaintiff's alleged onset of disability and are therefore not relevant to Plaintiff's functioning during the adjudicated period. *See* Tr. 2036, 2109, 2162. The ALJ also pointed to two appointment notes that date to the adjudicated period (Tr. 3181, 3197). In a record of more than 3,500 pages, two appointment notes describing Plaintiff as "sitting comfortably" during appointments of unknown duration do not meaningfully contradict Plaintiff's testimony he could sit for only 20 minutes at a time.

Lastly, the ALJ did not identify an actual conflict pertaining to Plaintiff's providers describing him as in "no acute distress." Such a finding is not inconsistent with reports of 7/10 chronic pain. *See, e.g.*, *Toni D. v. Saul*, 2020 WL 1923161, at *6 (D. Or. Apr. 21, 2020).

Because the ALJ erred in finding Plaintiff's allegations to be inconsistent with the record, the ALJ failed to provide legally sufficient reasons to discount Plaintiff's testimony. On remand,

the ALJ shall reconsider Plaintiff's allegations.[4]

B. **The ALJ erred in discounting lay evidence**

Plaintiff's wife provided a statement describing Plaintiff's physical limitations. *See* Tr. 3056-63.) The ALJ found this statement to be inconsistent with the evidence of Plaintiff's normal testing (Tr. 2648), citing the same evidence referenced in discounting Plaintiff's allegations of problems standing and walking. But, as explained *supra*, the ALJ's decision also references abnormal findings, and does not explain why the ALJ found the normal test results to be more reliable than the abnormal test results. *See* Tr. 2646 (citing Tr. 444, 497, 504, 508, 561, 1246). Accordingly, the ALJ failed to adequately explain why Plaintiff's wife's statement is inconsistent with the medical record as a whole and shall reconsider this statement on remand.

C. **The ALJ erred in discounting some medical opinion evidence**

Plaintiff challenges the ALJ's assessment of a number of medical opinions, each of which the Court will address in turn.

*1. Legal standards*[5]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and

---

[4] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 16 at 18-19), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court finds that a remand for further proceedings is the appropriate remedy.

[5] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

      *2.     Todd Curtis, M.D.*

Dr. Curtis began treating Plaintiff in October 2014 and provided opinions in May and June 2015 describing his disabling physical limitations as well as his problems with reading and writing. Tr. 688, 1139-43. The ALJ found Dr. Curtis's opinion as to Plaintiff's reading and writing deficits was conclusory and not supported by any treatment notes discussing this issue. Tr. 2647. The ALJ also noted Dr. Curtis's opinions were rendered in the context of a "comparatively brief treatment history" and were not supported by the record. *Id*.

Plaintiff suggests Dr. Curtis's opinion about his reading and writing was consistent with examining provider opinions (Dkt. 16 at 5), but this does not show error in the ALJ's finding Dr. Curtis himself had no foundation to opine as to the impact of Plaintiff's reading and writing deficits.

Plaintiff also argues the ALJ "has no basis" to reject Dr. Curtis's finding of an antalgic gait, and the ALJ failed to address other limitations mentioned in Dr. Curtis's opinion. Dkt. 16 at 5. The ALJ cited evidence showing Plaintiff's gait improved during subsequent pain management treatment, which provides some basis for discounting Dr. Curtis's description of Plaintiff's gait problems. Tr. 2647 (citing Tr. 1648, 1652, 1660). Furthermore, the ALJ noted Dr. Curtis had a relatively short treating relationship with Plaintiff, which diminished the foundation for all of the limitations he indicated. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6).

The Court therefore finds no error in the ALJ's assessment of Dr. Curtis's opinions.

//

3. *Richard Washburn, Ph.D.*

Dr. Washburn examined Plaintiff in January 2014 and wrote a narrative report describing Plaintiff's symptoms and limitations. Tr. 526-32. Dr. Washburn's medical source statements reads, in its entirety:

> [Plaintiff] does not have the cognitive skills needed to meet the requirement of full time gainful employment at this time. Before [Plaintiff] will be able to return to competitive employment he will need to be able to manage his pain more effectively and be able to learn skills that are needed [] that do[] not require physical strength and endurance. Mental health counseling to address the childhood abuse and strengthen his emotional coping skills is recommended. He may also need DVR services to help him find and prepare for an occupation that will be compatible with his residual pain.

Tr. 531. The ALJ gave little weight to Dr. Washburn's conclusions, finding his "blanket statement" regarding Plaintiff's lack of cognitive skills to lack specific elaboration and to be unsupported by Dr. Washburn's testing showing "average immediate memory for auditory and visual material and no significant impairment on visual tracking and sequencing tasks[.]" Tr. 2647 (citing Tr. 530). The ALJ also found Dr. Washburn's conclusion to be inconsistent with the "longitudinal evidence, showing minimal mental health treatment and reports of little to no depressive symptoms." Tr. 2647 (citing Tr. 548, 3479).

The ALJ's second reason (lack of treatment/complaints) to discount Dr. Washburn's opinion is not legitimate, because Dr. Washburn himself recommended treatment and Plaintiff's failure to report depressive symptoms does not undermine Dr. Washburn's conclusions regarding Plaintiff's symptoms related to cognitive problems and childhood abuse.

But the ALJ did not err in finding Dr. Washburn's testing to be inconsistent with his description of disabling cognitive problems: Dr. Washburn himself acknowledged that Plaintiff's cognitive functioning ranged from "high borderline to low average" (Tr. 531), which would not necessarily be disabling. Dr. Washburn himself suggested that Plaintiff could learn new skills to

transition to different work, which would undermine his conclusion that Plaintiff was cognitively disabled from any work. *See* Tr. 531. Inconsistency between Dr. Washburn's examination findings and his conclusions is a legitimate reason to discount Dr. Washburn's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province").

Accordingly, the Court finds no harmful error in the ALJ's assessment of Dr. Washburn's opinion.

### 4. Jason Thompson, M.D.

Dr. Thompson opined on multiple occasions in 2014 that Plaintiff could not perform manual labor but could perform light or sedentary work, with lifting and sitting restrictions. Tr. 537, 820, 1156. The ALJ gave some weight to these decisions. Tr. 2646.

Plaintiff argues "contrary to the ALJ's analysis, Dr. Thompson's opinions, considered in their entirety, show that throughout the time Dr. Thompson was treating [Plaintiff], [he] never improved sufficiently to be able to perform any type of full-time work." Dkt. 16 at 9. Plaintiff does not show Dr. Thompson ever provided an opinion to that effect, however; Dr. Thompson's opinion that it was unclear when Plaintiff would be able to return to his prior work does not indicate Plaintiff was unable to perform *any* type of full-time work. *See* Tr. 1217. Plaintiff has not demonstrated any error in the ALJ's assessment of Dr. Thompson's opinions.

### 5. Ryan Bierman, DPM

Dr. Bierman, a treating podiatrist, provided multiple opinions describing short-term work limitations lasting six or fewer months related to Plaintiff's surgeries and foot conditions. Tr. 420, 429, 434, 436, 438, 441. The ALJ found because Dr. Bierman's opinions describe only

temporary limitations, the opinions were entitled to only some weight. Tr. 2646.

The ALJ provided a legitimate reason to discount Dr. Bierman's opinions. *See Carmickle*, 533 F.3d at 1165 (affirming ALJ's finding that treating physicians' short-term excuse from work was not indicative of "claimant's long term functioning"). Plaintiff has established no harmful error in the ALJ's assessment of Dr. Bierman's opinion.

6. *George Ankuta, Ph.D.*

Dr. Ankuta examined Plaintiff in June 2018 and wrote a narrative report describing Plaintiff's mental symptoms and limitations. Tr. 3529-32. His medical source statements reads, in its entirety:

> [Plaintiff's] limited education may make the mental status exam an under estimate of his true abilities. He has an adequate fund of knowledge. He demonstrated some ability to think abstractly. He was able to recall questions asked. His memory may be adequate for recalling simple, but not complex instructions at work. His attention and concentration were fair. He may have difficulty sustaining the pace of competitive work. He got along with people at work in the past. He has been married for 11 years. He gets along with his wife. He was polite and cooperative with the evaluator. He may be able to function socially in a competitive work situation. He may have difficulty tolerating the emotional stress of competitive work. The extent to which his medical problems interfere with his ability to work is outside the scope of this evaluation.

Tr. 3531-32.

The ALJ gave little weight to Dr. Ankuta's opinion Plaintiff may have difficulty sustaining pace or tolerating workplace stress. Tr. 2648. The ALJ found this conclusion to be inconsistent with Dr. Ankuta's findings of fair attention and concentration and adequate fund of information, as well as with the "longitudinal evidence showing minimal mental health treatment and reports of little to no depressive symptoms[.]" *Id.* (citing Tr. 548, 3479). Plaintiff contends that Dr. Ankuta's opinion is in fact consistent with his findings (Dkt. 16 at 11), but does not address the normal findings referenced by the ALJ or explain why those findings are not

inconsistent with Dr. Ankuta's conclusions.

Moreover, Plaintiff's sparse depression complaints to treating providers also undermines Dr. Ankuta's opinion, wherein Dr. Ankuta diagnosed Plaintiff with moderate depression. *See* Tr. 3531. Although Plaintiff testified at the hearing that if his insurance covered counseling he would engage in it (Tr. 2681), the ALJ accurately noted Plaintiff infrequently complained of depression to his providers. The ALJ did not err in finding that Plaintiff's lack of mental health complaints undermined Dr. Ankuta's opinion. *Cf. Rollins*, 261 F.3d at 856 (noting that a claimant had never claimed to have problems with many of the conditions and activities the physician instructed her to avoid).

Because Plaintiff has not shown that the ALJ erred in discounting Dr. Ankuta's opinion, the Court affirms this portion of the ALJ's decision.

7. *Alexandria McKay, D.O.*

Dr. McKay, Plaintiff's treating provider, completed a form opinion in December 2019, describing Plaintiff's physical limitations. Tr. 3242-46. The ALJ found Dr. McKay's conclusions to be inconsistent with objective evidence of normal testing as well as Dr. McKay's own notes referencing "cursory examinations and minimal positive examination findings[.]" Tr. 2647.

Plaintiff points to the treatment note corresponding to the date of Dr. McKay's opinion, which contains many abnormal findings, such as tenderness, lack of sensation, positive straight leg raise on the left, and antalgic gait, and mentions that Plaintiff ambulated with a cane. *See* Tr. 3555. This contemporaneous finding corroborates Dr. McKay's opinion, and the ALJ failed to acknowledge these or any other abnormal findings in assessing Dr. McKay's opinion. As explained *supra*, the ALJ failed to explain why he found the normal testing to be more reliable

than the abnormal testing, and erred in failing to account for the entire record when assessing Dr. McKay's opinion. On remand, the ALJ shall reconsider Dr. McKay's opinion.

8. *State agency consultants*

Plaintiff contends that the ALJ erred in assessing the opinions of the State agency medical and psychological consultants, arguing the ALJ should not have credited the medical consultants' opinions nor rejected the psychological consultants' opinions. Dkt. 16 at 13-14. Plaintiff has not identified any particular error in the ALJ's assessments, however, and instead appears to invite the Court to reweigh the evidence, which the Court declines to do. The Court does not disturb the ALJ's assessment of the State agency opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reconsider Dr. McKay's opinion, the testimony of Plaintiff and his wife's statement, develop the record and redetermine Plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 16th day of July 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge